HENRY F. HALL,

vs.

NATHANIEL W. HICKMAN and JOHN W. WALKER.

*Sussex, March T. 1864.*

H., being indebted to W. on a note under seal for $109, took from a third party an assignment of a note of W. for $58.83, with the knowledge of W. and with the understanding between the parties, that it would be credited against the note for $109. *Held*, that the equity to such credit attached to the note for $109, and followed it into the hands of an assignee, though without notice.

This was a bill for an injunction and for an account, embracing sundry particulars; but the only question argued and adjudged concerned a claim by the complainant of set off against a note after its assignment to a third person, under the circumstances following :—

On the 12th of June, 1858, the complainant executed his note, under seal, for $109 to the defendant, John W. Walker, for money loaned. Walker was at the time indebted to the complainant on book account, which, it was agreed, should not be affected by the note. Afterward, on the 9th of June, 1859, a settlement was made between Walker and David Hall, the son and partner of the complainant, including the account of the complainant, and Walker gave his note to David Hall for $58.83. This note was assigned to the complainant on the 6th of March, 1860, with the knowledge of Walker, and with the understanding between him and the Halls, that it would be credited against the note for $109. After these transactions, on the 31st of December, 1860, Walker assigned the note for $109, to the other defendant, Hickman, in the form re-

quired by the statute for the assignment of bills and specialties. Hickman proceeded to collect the note by execution, against which this bill was filed, the complainant claiming to set off the note for $58.83, due from Walker, against the note for $109, though the latter had been assigned to Hickman. Other defences were taken against the residue of the latter note, but they were not sustained by proof.

The cause came before the Chancellor, at the March Term, 1864, for a hearing upon the bill, answer, exhibits and depositions.

*C. S. Layton,* for the complainant.

*A. P. Robinson* and *A. P. Robinson, Jr.,* for the defendant.

HARRINGTON, CHANCELLOR.—There was always an equity between the complainant and the defendant, Walker, to have the former's book account credited against his note for $109 ; and from the time of the assignment to him of the note for $58.83, if not before, the same equity applied to it.

This equity followed the note for $109 after its assignment to the defendant, Hickman, upon the principle decided in *Oliver, use of Griffith, vs. Lowry,* 2 *Harring. R.* 467. It grows out of the nature of the transaction—the purpose for which the note for $58.83 was assigned to the complainant, with Walker's concurrence ; and the equity attaches to the note itself. Walker had not the right in equity (perhaps not at law) to collect the whole amount of this note of the complainant, and he could assign to Hickman no other right than he had. It was not subject strictly to a set off of the smaller note, but there was an equity between the parties, attaching to the larger note, which prevents its collection without allowing the smaller

note as a deduction, and this equity follows it into Hickman's hands, even without notice; for he could take no more by the assignment of the note for $109 than Walker was entitled to. If, instead of giving his note to David Hall, which was afterward assigned to the complainant, to be abated or deducted from the $109 note, Walker had given to the complainant a receipt for $58.83, as paid on account of it, the subsequent assignment of that note to Hickman would, unquestionably, have been subject to this payment. It is equally subject to the equity which, as against Walker, entitled the complainant to a credit of the note for $58.83. Let a decree be entered, crediting this note against the judgment on the note for $109, and dissolving the injunction as to the residue.